1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOSAIA HAVEA,

             Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION,

             Defendant.

Case No.  25-cv-09453-JCS

**ORDER TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED**

## I.     INTRODUCTION

Plaintiff Sosaia Havea, pro se, applied to proceed in forma pauperis and the Court granted their application. *See* Docket No. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why their complaint is sufficient, no later than **January 30, 2026**. The Case Management Conference set for **February 4, 2026** is vacated.

## II.     ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff has filed a form complaint naming the Federal Bureau of Investigations ("FBI") and Sanjay Vermani, Special Agent in Charge of the FBI's San Francisco office, as defendants. Plaintiff asserts that there is federal jurisdiction based on the existence of a federal question, alleging that Defendants violated 18 U.S.C. § 242. Plaintiff alleges that they submitted tips to the

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

United States District Court
Northern District of California

1    FBI on four occasions in 2025 related to events that occurred in 2017 in Mississippi and in 2018 in

2    San Francisco, "with the intention of beginning an investigation but no one ever called [them]

3    back."   Compl. at 4.   As to the 2017 events, Plaintiff alleges the following:

> [I]n 2017 [I] was working as a truck driver when two McComb
> Mississippi sheriff GREG SMITH and BRET HARPER planted
> evidence on me and failed to arrest. at trial the judge told me to kill
> myself several times and suspended the trial when [I] retaliated.

7    *Id.* at 5. Plaintiff alleges as to the 2018 events:

> [I]n 2018 a hospital judge also told me to kill myself several times. I
> asked him if [I] was at the center of a government conspiracy he said
> "you are."  [T]hen I asked him if my families lives were in danger he
> said "they are." the judge told me to kill myself in front of a staff
> member who, [I] believe, reported him. [I] think he may have been
> fired.

12   *Id.* Plaintiff alleges that they needed the FBI to investigate these events because they "wanted to

13   apply for California victims compensation but [their] psychiatrist refuses to certify that [their]

14   condition resulted from the qualifying crimes without proof of the CalVCB qualifying incidents."

15   *Id.*

## III.    ANALYSIS

### A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

18        Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

19   to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

20   (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

21   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

22   *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

23        To state a claim for relief, a plaintiff must make "a short and plain statement of the claim

24   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Further, a claim may be

25   dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6);

26   *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir.

27   2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of

28   material fact in the complaint as true and construe[s] them in the light most favorable to the non-

1    moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

2    (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is

3    inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not

5    necessarily assume the truth of legal conclusions merely because they are cast in the form of

6    factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal

7    quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must

8    allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing

9    *Twombly*, 550 U.S. at 570).

10    Where the complaint has been filed by a pro se plaintiff, courts must "construe the

11    pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d

12    338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint

13    unless it is absolutely clear that the deficiencies in the complaint could not be cured by

14    amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds

15    by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further,

16    when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must

17    provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

18    litigant uses the opportunity to amend effectively." *Id*. (quoting *Ferdik v. Bonzelet*, 963 F.2d

19    1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant

20    will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

21    Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

22    **B.    18 U.S.C. § 242**

23    It appears Plaintiff is attempting to assert a claim under 18 U.S.C. § 242, which provides,

24    in relevant part, as follows:

25    Whoever, under color of any law, statute, ordinance, regulation, or
      custom, willfully subjects any person in any State, Territory,
26    Commonwealth, Possession, or District to the deprivation of any
      rights, privileges, or immunities secured or protected by the
27    Constitution or laws of the United States, or to different punishments,
      pains, or penalties, on account of such person being an alien, or by
28    reason of his color, or race, than are prescribed for the punishment of

3

United States District Court
Northern District of California

1    citizens, shall be fined under this title or imprisoned not more than
one year, or both[.]

2    18 U.S.C. § 242.   This claim fails and cannot be cured because it is based on a provision of the

3    federal criminal code and Plaintiff, who is a private citizen, does not have standing to assert such a

4    claim.  *See Lasko v. Am. Bd. of Surgery*, 47 F. Supp. 3d 1122, 1136 (D. Nev. 2014) (dismissing

5    civil rights claim asserted under, *inter alia*, 18 U.S.C. § 242 on the basis that this provision

6    "create[s] [a] criminal violation[ ],  . . . . and [is] not [a] statute[ ] under which a private citizen

7    may bring a civil action; only the federal government may prosecute crimes under [this] Title 18

8    provision"), order vacated in part on other grounds on reconsideration sub nom. *Lasko v. Am. Bd.*

9    *of Internal Med*., 92 F. Supp. 3d 1013 (D. Nev. 2015).[2]

10   ### IV.    CONCLUSION

11       For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case

12   should not be dismissed on the basis that they fail to state a claim.   Plaintiff may respond by filing

13   either an amended complaint that addresses the deficiencies discussed above or a response that

14   addresses why their current complaint is sufficient.  Plaintiff's response shall be filed by **January**

15   **30, 2026**.  If Plaintiff does not file a response by that date, the case will be reassigned to a United

16   States district judge with a recommendation that it be dismissed with prejudice pursuant to 28

17   U.S.C. § 1915(e)(2)(B).

18       Any amended complaint must include the caption and civil case number used in this order

19   and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended

20   complaint completely replaces the previous complaint, any amended complaint may not

21   incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must

22   include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to

23

24

---

[2] The Court also notes that to the extent Plaintiff seeks to file a claim for compensation under the California Government Claims Act, Cal. Gov't Code §§ 810, *et seq*., that statute requires that a claim must be presented to the California Victim Compensation and Government Claims Board within six months of the accrual of the cause of action. *See* Cal. Gov't Code § 911.2. Therefore, it is likely that by 2025, when Plaintiff asked the FBI to investigate the events of 2017 and 2018, any claim for compensation would have been untimely.  In addition, it appears that the alleged perpetrators of the 2017 events, which occurred in Mississippi, are not California governmental entities or employees and therefore, compensation would not be available to Plaintiff under the California Government Claims Act as to those events.

4

1    sue.

2          Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro

3    Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses

4    for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th

5    floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in

6    Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments, which are

7    currently being conducted by telephone or video-conference, can be made by calling (415) 782-

8    8982 or emailing federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can

9    provide basic assistance to parties representing themselves but cannot provide legal representation.

10         **IT IS SO ORDERED.**

11

12   Dated:  December 30, 2025

13   _____

14   JOSEPH C. SPERO
     United States Magistrate Judge